# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK COX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12CV11 CEJ ) |
| RICHARD WALLACE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion to dismiss filed by defendant Richard Wallace.[1] Plaintiff Derrick Cox filed a response, and defendant filed a reply. Also before the Court is plaintiff's motion for a Rule 16 conference and to stay the ruling on defendant's motion to dismiss.

## Background

Plaintiff, an inmate at the Southeast Correctional Center (SECC), brings this action pursuant to 42 U.S.C. § 1983 against Richard Wallace and Billy Burrow[2], whom plaintiff identifies as employees of the Mississippi County Highway Department. Plaintiff alleges that the defendants acted negligently and with

---

[1]Defendant Billy Burrow has not yet been served, as plaintiff has failed to provide the Court with an address at which Mr. Burrow may be found.

[2]Defendant Richard Wallace refers to defendant Billy Burrow as "Billy Burrell."

deliberate indifference to his serious medical needs when they failed to provide him prompt medical treatment for burns he suffered while performing road repair work.

According to the complaint, plaintiff was a participant in an inmate work-release program sponsored by the Missouri Department of Corrections. Plaintiff alleges that on June 6, 2011 he was taken to a work site in Mississippi County where defendants Wallace and Burrow directed him to perform asphalt patching on a road. This work required plaintiff to shovel hot asphalt from a hopper onto the ground. After performing the work, plaintiff was instructed by Burrow to clean the hopper and tools with gasoline pump-style sprayer. When plaintiff complied, the gasoline ignited and plaintiff was "engulfed" in flames.

Plaintiff alleges that Burrow failed to call for emergency services to respond to the work site, but instead waited until the fire burned out and then transported plaintiff to the Mississippi County Highway Department office. Approximately 15-20 minutes later, an SECC caseworker arrived and transported plaintiff back to the prison where he was initially evaluated by the medical staff and ultimately transported to a hospital. Plaintiff alleges he suffered third degree burns to his head and facial areas, his neck, shoulders, and wrists. After being treated at the hospital, plaintiff was transported back to SECC and remained in the prison infirmary for approximately 10 days.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the United States Supreme Court reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

When considering a motion to dismiss, the district court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008); Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842 (8th Cir. 2004). The task

of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n. 4 (8th Cir.2010) (citing Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible").

## Discussion

### I. Plaintiff's Section 1983 Claim

Section 1983 provides a cause of action for a person who is injured as a result of being "depriv[ed] of any rights, privileges, or immunities secured by the Constitution" by a person acting under "color of state law." The Supreme Court has held that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989) (citing Youngblood v. Romeo, 457 U.S. 307, 317 (1982)). Indeed, a "special relationship" arises "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." Id. at 200. The special relationship also arises "when the state

affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." Carlton v. Cleburne County, 93 F.3d 505, 508 (8th Cir.1996) (citing DeShaney, 489 U.S. at 195, 199-200; Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir .1992)). The latter situation has been called the "state created danger exception." Id (citing DeShaney, 489 U.S. at 195, 198-200). When a special relationship exists, whether it be the result of a custodial relationship or the result of the state created danger exception, the Constitution imposes an affirmative duty of care and protection. DeShaney, 489 U.S. at 195, 198-200; Carlton, 93 F.3d at 508; Sargi v. Kent City Bd. of Educ., 70 F.3d 907, 910 (8th Cir.1995); Gregory, 974 F.2d at 1010.

Prison working conditions are "subject to scrutiny under the Eighth Amendment." Stephens v. Johnson, 83 F.3d 198, 200 (8th Cir.1996). As stated above, to establish a violation of § 1983, a prisoner must show that prison or custodial officials acted with deliberate indifference. In the work assignment context, "prison officials are deliberately indifferent when they 'knowingly . . . compel convicts to perform physical labor . . . which is beyond their strength, or which constitutes a danger to their . . . health, or which is unduly painful.'" Choate v. Lockhart, 7 F.3d 1370 (8th Cir.1993) (emphasis added) (quoting Ray v. Mabry, 556 F.2d 881, 882 (8th Cir.1997)).

To establish a violation of § 1983, in the context of a dangerous workplace, a prisoner must show "'more than ordinary lack of due care'" for the prisoner's safety. Stephens, 83 F.3d at 201 (quoting Whitley v.. Albers, 475 U.S. 312, 319 (1986)). In particular, a prisoner must establish that the conditions challenged were "objectively, 'sufficiently serious,'" and that the prison official acted with a "'sufficiently culpable state of mind.'" Stephens, 83 F.3d at 200 (quoting Farmer v. Brennan, 511 U.S. 1110 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991))). The state of mind required is "'deliberate indifference' to inmate health or safety." Id. (emphasis added) (internal citations omitted). Thus, to sufficiently allege a constitutional violation, a prisoner must allege that the official who required him to work under the allegedly unconstitutional conditions "'acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Id.. (internal citation omitted).

The plaintiff claims that the defendants exposed him to harm by failing to properly train him to perform the work they directed him to do, failing to provide the proper cleaning materials needed for the work, failing to provide the necessary safety equipment at the job site, and by failing to seek emergency medical care for his injuries. Thus, plaintiff asserts that defendants enhanced the danger for him to be injured, and therefore, defendants are liable under the "state created danger"

exception. The Court finds the plaintiff's allegations sufficient to state a claim for deliberate in difference in violation of the Eighth Amendment.

Defendant Wallace asserts that plaintiff has not sufficiently alleged a cause of action against him because he "does not allege that [Wallace] was at the job site when [plaintiff] was injured . . . [h]e does not allege that [Wallace] observed his alleged burned condition . . . [h]e does not allege that [Wallace] chose not to seek medical assistance on behalf of plaintiff." Construing plaintiff's pro se complaint liberally, as it must, the Court finds that the totality of plaintiff's allegations are sufficient to support claims of deliberate indifference, negligence, and a failure to train against defendant Wallace.

Plaintiff alleges that defendant Wallace was defendant Burrow's supervisor at the Mississippi County Highway Department. He asserts that defendant Wallace "instructed" plaintiff to do the asphalt patching on a "Mississippi County Road between East Prairie and Mathews." Likewise, plaintiff asserts that he was never trained, by either defendant, in the proper process of asphalt patching. Importantly, plaintiff also alleges that the vehicle that was used to transport plaintiff to the county road site, although driven by defendant Burrows, but which defendant Wallace is purported to have supervisory control over, did not have fire extinguishers, fire suppression equipment, or proper first aid equipment. Plaintiff also asserts that

"defendant Burrow had no training in E.M.S. to assess and treat plaintiff's severe burns." In conclusion, plaintiff asserts that the actions of both defendants constituted violations of the Eighth Amendment and "directly contributed to the severe injury of plaintiff and the skin scarring, discoloration and sensitivity suffered. He also asserts that "the failure of the defendants to properly train plaintiff and provide fire extinguishers on the vehicle; [failure to] provide proper cleaning materials for the hopper and tools; and failure to call for emergency services to be dispatched to the work site to immediately assess and treat plaintiff" constitutes negligence. Taken together, plaintiff has also alleged a failure to train claim against defendant Wallace.

Under a failure to train theory, defendant Wallace may be liable for deficient policies for training and supervising defendant Burrow if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures actually caused plaintiff's injuries. See City of Canton v. Harris, 489 U.S. 378, 390 (1989); Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996). A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," Larkin v. St. Louis Hous. Auth. Dev. Corp., 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of

misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. City of Canton, 489 U.S. at 390 (1989). However, as plaintiff has made the proper allegations against defendant Wallace, he should be afforded the opportunity to conduct discovery on these matters during the usual course of litigation. Thus, defendant Wallace's motion to dismiss for failure to state a claim will be denied.

## II. Qualified Immunity

Defendant Wallace asserts that he is entitled to qualified immunity. "Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." Ottman v. City of Independence, Missouri, 341 F.3d 751, 756 (8th Cir.2003). The court has two steps to analyze whether an officer is entitled to qualified immunity. First, the court determines whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the answer is no, then the request for qualified immunity is granted. If the answer is yes, then the court must analyze "whether the right was clearly established." Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be

clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Without the benefit of sufficient factual development, the Court is unable to determine whether a reasonable factfinder could find that defendant enhanced the danger for plaintiff to be injured or knowingly placed plaintiff in a dangerous situation, despite knowledge of substantial risk of harm to plaintiff. Therefore, at this stage of the litigation, the Court cannot make a finding as to whether or not defendant is entitled to the benefit of qualified immunity.

### III. Eleventh Amendment Immunity

Defendant Wallace asserts that plaintiff's allegations against him, in his official capacity, should be dismissed because he is immune from suit under the Eleventh Amendment. The Eleventh Amendment generally bars suit against the states in federal courts. SDDS, Inc. v. South Dakota, 97 F.3d 1030, 1035 (8th Cir .1996). Thus, state officials sued in their official capacities normally are immune from suit in the federal courts. Id. (emphasis added); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.1997) ("§1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"); but see Rushing v. Simpson, No. 4:08CV1338, 2009 U.S. Dist. LEXIS 115718, at *13, 2009

WL 4825196 (E.D.Mo. Dec. 11, 2009) (citing Hafer v. Melo, 502 U.S. 21, 30–31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991))("The Eleventh Amendment does not grant immunity when a § 1983 claim for damages is asserted against a state official in his or her personal capacity."); Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir.1995) ("The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the official in his personal capacity.").

Plaintiff alleges that defendants are employees of the Mississippi County Police/Highway Department. There is nothing in the record to indicate that defendants are employees of the State of Missouri such that they would be eligible for Eleventh Amendment immunity. Accordingly, defendant's motion to dismiss plaintiff's official capacity claims on the basis of Eleventh Amendment immunity will be denied. See Northern Ins. Co. of N.Y. v. Chatham County, Ga., 547 U.S. 189, 193 (2006) (noting that the Supreme Court "has repeatedly refused to extend sovereign immunity to counties").

### IV. Plaintiff's Negligence Claim

To state a claim for negligence under Missouri law, a plaintiff must plead facts demonstrating that the defendant had a duty to protect plaintiff from harm, the defendant breached that duty, and the breach was the proximate cause of injury to the plaintiff. See Stein v. Novus Equities Co., 284 S.W.3d 597, 604-605 (Mo. Ct. App.

2009). The Court finds that plaintiff has sufficiently alleged a state law claim for negligence.

Defendant asserts that plaintiff's negligence claim is preempted by the Missouri Workers' Compensation Law. The law does not apply to:

> Employment where the person employed is an inmate confined in a state prison, penitentiary or county or municipal jail . . ., and the labor or services of such inmate . . ., are exclusively on behalf of the state, county or municipality having custody of said inmate . . . Nothing in this subdivision is intended to exempt employment where the inmate . . . Was hired by a state, county, or municipal government agency after direct competition with persons who are not inmates . . . and the compensation for the position of employment is not contingent upon or affected by the worker's status as an inmate.

Mo.Rev.Stat. § 287.090.1(3).

Prior to 1987, the Workers' Compensation Law did not specifically exempt prison inmates from coverage. However, prisoners were not generally considered "employees" for purposes of the workers' compensation law. See Porter v. Dep't of Corr., 876 S.W.2d 646, 647-48 (Mo. Ct. App. 1994) (inmate working as a cook in prison); see also Bowman v. State, 763 S.W.2d 161 (Mo. Ct. App. 1988) (juvenile in detention injured while working as a trash collector).

Defendant argues that the statute should be interpreted as exempting an inmate from coverage under the Workers' Compensation Law only if he is injured while performing work on behalf of the entity that has custody of him. The defendant's

argument is not consistent with the Missouri courts' interpretation of the statute's inmate exemption. In Cain v. Missouri Highways and Transp. Com'n, 239 S.W.3d 590, 595 (Mo. 2007), the Missouri Supreme Court held that a prison inmate who was injured while cutting trees for the state department of transportation was not covered by workers' compensation statute by reason of the exemption in § 287.090.1(3). Similarly, in Richard v. Missouri Dep't of Corr., 162 S.W.3d 35, 40 (Mo.Ct. App. 2005), the court held that § 287.090.1(3) barred a workers' compensation claim by an inmate who was injured while performing work for the Missouri Department of Natural Resources on property that was owned by the agency. In light of these decisions, the defendant's argument is without merit.

**V.     Motion for Rule 16 Conference and for Stay**

In his motion, plaintiff seeks to hold in abeyance a ruling on the motion to dismiss until defendant Burrow can be served and discovery can begin. Burrow's absence from the case has no effect on the issues raised in the motion filed by defendant Wallace. The request for a stay will be denied. Plaintiff's request for a Rule 16 scheduling conference will also be denied. It is not the practice of this Court to routinely hold such conferences in prisoner cases. Instead, at the appropriate time the Court will issue a modified case management order setting forth pretrial deadlines.

As noted above, service on defendant Burrow has not been achieved because plaintiff has not been able to provide the Court with the defendant's last known address. Accordingly, defense counsel will be directed to submit to the Court, *in camera*, defendant Burrow's correct name and last known address so that service may be effectuated. The information submitted by counsel will not be made part of the court record. If the requested information is unknown, then counsel shall file a statement to that effect.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Wallace to dismiss the complaint is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay the ruling on the motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a Rule 16 conference is **DENIED**.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this order counsel for defendant Wallace shall submit to the Court, *in camera*, the correct name and last known address of defendant Billy Burrow. The submission should be titled "In Camera Response to Court Order of August 27, 2012," and should be mailed directly to the chambers of the undersigned, at the following address: Thomas

F. Eagleton Federal Courthouse, 111 S. 10th St., Suite 14.148, St. Louis, MO 63102

If the name and address information is unknown, defense counsel shall submit a statement to that effect.

Dated this 28th day of August, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE